UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Alfredo Rodriguez,**  <br><br>   **Plaintiff,** <br><br> **v.** <br><br> **The Martin-Brower Company, LLC,** <br><br>   **Defendant.** | **Case Number** 1:20-cv-25163 |

**<u>Complaint & Jury Demand</u>**

1. The Plaintiff, Alfredo Rodriguez, sues Defendant, The Martin-Brower Company, LLC, for sex discrimination in violation of Title VII and the Florida Civil Rights Act (FCRA).

2. The Honorable Court has original jurisdiction over the Title VII count pursuant to 42 U.S.C. § 2000e-5(f)(3) and supplemental jurisdiction over the FCRA count pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in Miami pursuant to 42 U.S.C. § 2000e-5(f)(3).

4. Plaintiff worked for Defendant from March 2009 through March 2020.

5. Plaintiff's primary job duty was to drive a truck that weighed in excess of 10,000 lbs.

6. Plaintiff transported processed food that came to Florida from out-of-state.

7. Plaintiff delivered processed food to McDonald's.

8. Plaintiff has a CDL.

9. Plaintiff operated his work truck under the authority of the Secretary of Transportation.

10. Defendant is a Delaware limited liability company.

11. Defendant's principal place of business is Illinois.

12. Defendant is a motor carrier.

13. Defendant's USDOT Number is 148192.

14. Defendant transports property in interstate commerce.

15. Defendant has 2,356 drivers.

16. Defendant's drivers drove 114,953,051 miles in 2019.

17. Defendant transports general freight, fresh produce, refrigerated food, beverages and paper products.

18. Within the past 24 months Defendant has had 847 vehicle inspections by the U.S. Department of Transportation.

19. Within the past 24 months Defendant has had 1489 drivers inspected by the U.S. Department of Transportation.

20. Defendant is in the transportation industry.

21. Plaintiff worked as a driver in the transportation industry for Defendant.

22. Plaintiff was engaged in interstate commerce for Defendant.

23. Defendant employs over 15 employees.

24. Plaintiff worked for Defendant in Florida.

25. Defendant's registered agent in Florida is located in Broward County.

26. From on or about January 1, 2016 through March 9, 2020, Plaintiff was subjected to unwanted sexual advances by Defendant's employees.

27. Plaintiff is a male.

28. One or more employees of Defendant would blow kisses at Plaintiff.

29. One or more employees of Defendant called Plaintiff a faggot.

30. One or more employees of Defendant called Plaintiff gay.

31. Plaintiff is a married heterosexual.

32. Plaintiff reported the sexual harassment to his supervisor.

33. Plaintiff reported the sexual harassment to human resources.

34. Notwithstanding the reporting of sexual harassment, the sexual harassment continued.

35. The sexual harassment, which included body language exhibiting prurient interests and homophobic slurs, was pervasive as Plaintiff was subjected to it regularly by one or more of Defendant's employees.

36. The sexual harassment was severe.

37. The sexual harassment impacted Plaintiff's health.

38. Plaintiff actually had to take Family Medical Leave Act (FMLA) due to the working conditions.

39. Plaintiff lost sleep as a result of the sexual harassment.

40. Plaintiff treated with medical providers because of the sexual harassment.

41. Plaintiff had to take medication due to the sexual harassment.

42. Plaintiff dually filed a charge of discrimination against Defendant with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission (EEOC) on or about August 31, 2020.

43. The EEOC issued Plaintiff a right to sue letter on or about September 17, 2020.

44. This lawsuit is filed within 90 days of Plaintiff receiving his notice of right to sue letter.

**Count I – Title VII Sex Discrimination**

45. Plaintiff reincorporates paragraphs 1 through 44 as if fully stated herein.

46. Defendant knew that Plaintiff was being sexually harassed.

47. Defendant knew that Plaintiff was suffering greatly due to the sexual harassment.

48. Defendant did not take prompt remedial action to prevent continued sexual harassment.

49. Defendant treated Plaintiff differently because he is male and he was complaining of male-on-male sexual harassment.

50. Defendant would have taken prompt remedial action to prevent continued sexual harassment if a female had complained about being sexually harassed.

51. Plaintiff suffered due to being male and being sexually harassed by males.

52. Defendant would have treated Plaintiff better had he been a female.

53. As a result of the sex discrimination Plaintiff had to seek medical treatment.

54. Plaintiff's quality of life was adversely impacted by Defendant's actions.

Wherefore, Plaintiff demands trial by jury, judgment, compensatory damages for mental anguish, embarrassment, humiliation, punitive damages, attorneys' fees and costs.

### Count II – FCRA Sex Discrimination

55. Plaintiff reincorporates paragraphs 1 through 44 as if fully stated herein.

56. Defendant knew that Plaintiff was being sexually harassed.

57. Defendant knew that Plaintiff was suffering greatly due to the sexual harassment.

58. Defendant did not take prompt remedial action to prevent continued sexual harassment.

59. Defendant treated Plaintiff differently because he is male and he was complaining of male-on-male sexual harassment.

60. Defendant would have taken prompt remedial action to prevent continued sexual harassment if a female had complained about being sexually harassed.

61. Plaintiff suffered due to being male and being sexually harassed by males.

62. Defendant would have treated Plaintiff better had he been a female.

63. As a result of the sex discrimination Plaintiff had to seek medical treatment.

64. Plaintiff's quality of life was adversely impacted by Defendant's actions.

Wherefore, Plaintiff demands trial by jury, judgment, compensatory damages for mental anguish, embarrassment, humiliation, punitive damages, attorneys' fees and costs.

Respectfully submitted this 18th day of December 2020,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Florida Bar Number 643971
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com